CROOKS *v.* SECOND AVE. R. CO.

(*Supreme Court, General Term, First Department.* November 18, 1892.)

1. HORSE AND STREET RAILROADS—INJURIES TO PASSENGERS.
    In an action against a street-railroad company to recover for injuries alleged to have been caused by the negligence of the driver of a car on which plaintiff was a passenger, in handling the brake and in driving, whereby the car sustained a shock, and plaintiff was thrown therefrom and injured, *held*, that a charge which took away from the jury the question of whether the driver was negligent after plaintiff was thrown from the car was proper, since the complaint raised no such question.

2. PLEADING—AMENDMENT—INDEFINITE MOTION.
    In an action against a street-railroad company for personal injuries, a motion by plaintiff, at the close of the testimony, "to amend the complaint to conform to the evidence so far as to allow the plaintiff every possible advantage, under the decisions, upon the evidence, upon the question of fact as bearing upon the defendant's negligence and the plaintiff's want of contributory negligence," is properly denied, on the ground that it is too indefinite.

Appeal from circuit court, New York county.

Action for personal injuries by Thomas Crooks against the Second Avenue Railroad Company. From a judgment entered upon a verdict for defendant, and from an order denying a motion for a new trial, plaintiff appeals. Affirmed.

Argued before VAN BRUNT, P. J., and O'BRIEN and LAWRENCE, JJ.

*A. G. Vanderpoel*, for appellant. *Merrill & Rogers*, (*Payson Merrill*, of counsel,) for respondent.

VAN BRUNT, P. J. This action was brought to recover damages for personal injury sustained by the plaintiff, upon the ground of the alleged negligence of the defendant. The cause of action set out in the complaint was that the plaintiff was a passenger upon one of the cars of the defendant, and that he was negligently caused to be thrown from the platform of said car by the negligent use of the brake by the servant of the defendant, the driver of the horses attached to the car, as well as by the careless and negligent driving of said horses by said driver, by which a shock was given to said car which caused the plaintiff to be thrown from said platform, and to be so thrown as to bring his leg under the wheels of the car, where it was so injured that it was required to be amputated. Upon the trial the plaintiff gave evidence tending to show that he was upon the front platform of the car, and that while he was turning round to pay his fare to the conductor the car stopped of a sudden, or gave a sudden jerk, and he was thrown over the dashboard upon the traces of one of the horses, and that the car then suddenly started, pulling him along about 10 feet, when he was run over. The defendant, upon the other hand, gave evidence tending to show that the car was proceeding at its ordinary rate, and the plaintiff fell off the car, seeming perfectly helpless, and that there was no sudden jerking of the car which caused

the accident; that the plaintiff did not fall from the dashboard, but fell off the step; and that the car was stopped as soon as possible after he fell.

At the close of the testimony the plaintiff asked the court "to amend the complaint to conform to the evidence so far as to allow the plaintiff every possible advantage, under the decisions, upon the evidence, upon the question of fact as bearing upon the defendant's negligence and the plaintiff's want of contributory negligence." This motion was denied, and in submitting the case to the jury the simple issue presented was, was the plaintiff thrown from the platform of the car through the negligence of the driver in handling the brake, or in so driving the car that a sudden jerk was produced? The question as to whether the driver was negligent after the plaintiff was thrown from the car was taken away from the consideration of the jury. To the charge no exception was taken, and, the jury having rendered a verdict in favor of the defendant, from the judgment thereupon entered this appeal is taken.

We see no errors which call for a reversal of the judgment. The refusal to allow the amendment in the indefinite terms asked for was clearly proper. The claim that is now presented that the court erred in taking away from the jury the question of the negligence of the driver after the plaintiff was thrown from the car cannot be sustained, both because such disposition of the case was acquiesced in upon the trial, and also because no such issue was presented by the pleadings. The plaintiff had alleged distinctly and with particularity in what the negligence of the driver consisted; and this was the issue which was presented by the pleadings, and which the defendant was called upon to meet. The suggestion of negligence after the plaintiff had fallen from the car seems to have been an afterthought, and therefore there was nothing to present to the jury in respect thereto. We see no reason for interfering with the judgment, and the judgment should be affirmed, with costs. All concur.